UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN SCHNEIDER, et al., | ) | CASE NO. 5:13-cv-660 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| REISENFELD & ASSOCIATES, LPA LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on plaintiffs' motion to remand to state court (Doc. No. 12), defendant Bank of America, N.A.'s motion to consolidate cases (Doc. No. 19), and defendant Bank of America, N.A.'s motion to stay. (Doc. No. 21.) For the reasons that follow, plaintiffs' motion to remand is GRANTED. All other motions are DENIED AS MOOT.

I.  PROCEDURAL HISTORY

This dispute began with a state foreclosure case between John and Pamela Jo Schneider ("plaintiffs")[1] and U.S. Bank National Association, as Trustee for Harborview 2006-4 Trust Fund ("U.S. Bank"). (Doc. No. 11 at 520.) U.S. Bank's claim against plaintiffs was dismissed on April 8, 2013, when the state court determined that U.S. Bank lacked standing. (Doc. No. 12 at 623–24.) Plaintiffs' counterclaim, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), as well as various state law claims, survived. U.S. Bank removed that case to federal court.

---

[1] Although plaintiffs were defendants in the state foreclosure case, the Court refers to the Schneiders exclusively as plaintiffs.

1

Before the state foreclosure action was removed, plaintiffs filed the instant action against Reisenfeld & Associates, LPA LLC ("Reisenfeld") and Bank of America, N.A. ("Bank of America") (collectively, "defendants") in the Summit County Court of Common Pleas. (Doc. No. 1.) Reisenfeld served as counsel for U.S. Bank in the state foreclosure action.[2] Bank of America was the servicer of the promissory note that is the subject of the litigation. (Doc. No. 1-1 at 6.) In their state court complaint, plaintiffs asserted an FDCPA violation, state law claims of forgery, civil damages for criminal acts, alteration of commercial paper, fraud, civil conspiracy, slander of credit, violations of the Ohio Consumer Sales Practices Act, and abuse of process. (Doc. No. 1-1 at 14–21.) The case was removed to this Court pursuant to 28 U.S.C. § 1331. (Doc. No. 1 at 2.) Defendants filed separate motions to dismiss. (Doc. Nos. 8, 9.) Plaintiffs then filed an amended complaint, removing the FDCPA claim and leaving only state claims. (Doc. No. 11.) The next day, the plaintiffs filed their motion to remand, asserting that the Court no longer had original jurisdiction under 28 U.S.C. § 1331 once the amended complaint superseded the original complaint. (Doc. No. 12 at 627.)

Defendants each renewed their motions to dismiss (Doc. Nos. 13, 14); however, the Court stayed briefing as to the motions to dismiss pending its ruling on the motion to remand.[3] (Non-Document Order, May 17, 2013.)

At this point, the state court had determined that U.S. Bank lacked standing in the foreclosure case, dismissing all claims except plaintiffs' counterclaim, which included an

---

[2] Reisenfeld replaced Manley Deas Kochalski, LLC, as counsel in the state foreclosure action. (Doc. No. 13-1 at 655.) On behalf of U.S. Bank, Reisenfeld filed a motion to substitute Bank of America as plaintiff after U.S. Bank assigned plaintiffs' mortgage to Bank of America. (Doc. No. 13-11 at 869.) That motion was denied, and U.S. Bank's claims against plaintiffs were later dismissed by the state court.

[3] The Court has stayed proceedings as to the motions to dismiss, and the motions have not yet been fully briefed. Accordingly, the motions are not currently at issue before the Court, and the Court makes no ruling with respect to them.

FDCPA claim.  U.S. Bank removed the foreclosure action to federal court on May 6, 2013. (*U.S. Bank Nat'l Ass'n v. Schneider*, No. 5:13-cv-1020 (N.D. Ohio May 6, 2013), Doc. No. 1.) With two cases then in federal court involving plaintiffs' home mortgage, Bank of America filed a motion to consolidate this action with Case No. 5:13-cv-1020 on May 14, 2013. (Doc. No. 19.) Bank of America then filed an opposition to plaintiffs' motion to remand, stating that judicial economy required both this case and the foreclosure case to remain in federal court and be consolidated. (Doc. No. 20.) Also filed by Bank of America was a motion to stay plaintiffs' motion to remand pending the Court's ruling on its motion to consolidate. (Doc. No. 21.) Plaintiffs opposed the motion to consolidate, reasserting that this Court lacks subject matter jurisdiction over this case and also asserting that Case No. 5:13-cv-1020 was improperly removed from state court. (Doc. No. 22 at 1088.) Because both cases must be remanded, according to plaintiffs, consolidation would be improper. (*Id*. at 1089.)

On September 9, 2013, the foreclosure action counterclaim, Case No. 5:13-cv-1020, was remanded to state court due to improper removal. (*U.S. Bank Nat'l Ass'n v. Schneider*, No. 5:13-cv-1020 (N.D. Ohio Sept. 9, 2013), Doc. No. 15.)

II.  LAW AND ANALYSIS

At the outset, the Court notes that a number of the motions before it have been mooted by the remand of Case No. 5:13-cv-1020. Bank of America's motion to consolidate is now moot. Consolidation is proper "[i]f actions *before the court* involve a common question of law or fact." Fed. R. Civ. P. 42(a) (emphasis added). Case No. 5:13-cv-1020 is no longer before the court; thus, the motion to consolidate is moot. Likewise, Bank of America's motion to stay plaintiff's motion to remand pending ruling on the motion to consolidate is moot.

The Court now turns to plaintiffs' motion to remand. Plaintiffs claim that the

Court was divested of subject matter jurisdiction once their amended complaint superseded their original complaint. (Doc. No. 12 at 627.) This is a misstatement of the law. "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000)). Even when an amended complaint relates back to the date of filing the first complaint, "whether subject matter jurisdiction exists is a question answered by looking to the complaint as *it existed at the time the petition for removal was filed.*" *Id*. (citing *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980)). At the time the petition for removal was filed, plaintiffs asserted an FDCPA claim, giving this Court jurisdiction under 28 U.S.C. § 1331. Despite the subsequent dismissal of all federal claims, the Court's subject matter jurisdiction persists.

Whether the Court must exercise its jurisdiction is another question entirely. When all federal claims have been dismissed in a case in which jurisdiction is premised on a federal claim, "remand to the state court [is] a matter of discretion." *Id*.; *see also* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). Even so, there are circumstances in which a district court should retain supplemental jurisdiction, dismissal of all federal claims notwithstanding. *Id*. Cases in which the district court is familiar with the facts of the case, the parties have invested significant time in discovery, or the district court has ruled on numerous pretrial motions are cases in which a district court ought

to retain supplemental jurisdiction over the state claims. *Fossyl v. Milligan*, 317 F. App'x 467, 473–74 (6th Cir. 2009) (citing *Harper*, 392 F.3d at 211). "[M]anipulative tactics" by plaintiff, such as "simply [] deleting all federal-law claims from the complaint and requesting that the district court remand the case," should be considered by the district court as one factor in the balance. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).

In this case, nearly all considerations point to remand. No discovery has occurred. Though motions to dismiss have been filed, the motions have been stayed pending the Court's ruling on the motion for remand. Thus, no proceedings as to the underlying merits have yet taken place in this Court. Moreover, Case No. 5:13-cv-1020, closely related to this case, is now pending in state court. If the Court were to retain this case, it would force litigation of the same issues in two separate fora. The plaintiffs have, without question, engaged in manipulative tactics, deleting all federal claims and falsely asserting that this required remand. The Court takes this factor into account; however, given the considerations mentioned above, judicial economy, convenience, and fairness all point to remand.

### III. CONCLUSION

For the reasons set forth above, this case is REMANDED to the Summit County Court of Common Pleas. Plaintiff's motion to remand is hereby GRANTED. Bank of America's motion to consolidate cases is DENIED AS MOOT. Bank of America's motion to stay pending ruling on motion to consolidate is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated: October 25, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**